930 P.2d 1358

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael SEVY, Defendant–Appellant.**

**No. 22195.**

Court of Appeals of Idaho.

Jan. 21, 1997.

Randolph E. Farber, Nampa, for Defendant–Appellant.

Hon. Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, Boise, for Plaintiff–Respondent. Catherine O. Derden argued.

LANSING, Judge.

In the magistrate division of the district court, Michael Sevy entered a conditional plea of guilty to driving under the influence of alcohol. Sevy reserved the right to appeal the magistrate's denial of a motion to suppress incriminating evidence obtained by a police officer following his stop of Sevy's vehicle. The district court, in its appellate capacity, affirmed the denial of Sevy's suppression motion. On Sevy's further appeal to this Court, we conclude that the officer's stop of Sevy's vehicle was unjustified and that the derivative evidence therefore must be suppressed.

## FACTS AND PROCEDURAL BACKGROUND

On February 2, 1994, at approximately 10 p.m., Officer Kingsbury of the Nampa Police Department received a dispatch report informing him that a black pickup believed to have been involved in a possible theft at a construction site was moving toward his location. The dispatch report included the suspect vehicle's license number. Officer Kingsbury then drove near the area where the pickup was reported to be traveling and spotted the vehicle. He signalled the vehicle to stop, and the driver, Michael Sevy, complied. Kingsbury questioned Sevy about his activities at the construction site and accepted Sevy's explanation that he had been considering buying a lot in the subdivision. However, Kingsbury also noticed the smell of alcohol and asked Sevy if he had been drinking. Sevy admitted to recent alcohol consumption, and he failed several field sobriety tests. Because Officer Kingsbury was outside the Nampa city limits, he radioed for assistance from the Canyon County sheriff's department to effectuate Sevy's arrest. A deputy sheriff responded and arrested Sevy for driving under the influence of alcohol. A breathalyzer test administered at the jail revealed a blood alcohol content in excess of the legal limit.

Sevy filed a motion to dismiss the charge and to suppress the results of the blood alcohol test as well as the observations of Sevy's intoxication made by the two officers at the scene. The motion was denied by the magistrate. Sevy then pleaded guilty to the DUI charge, reserving the right to appeal the magistrate's ruling on the suppression motion. The district court affirmed the magistrate's decision.

## ANALYSIS

On an appeal from an appellate decision of the district court which has reviewed a magistrate's findings and conclusions, we examine the record made in the magistrate's division independently of, but with regard for, the district court's decision. *State v. Van Sickle,* 120 Idaho 99, 101, 813 P.2d 910, 912 (Ct.App.1991). Accordingly, we will affirm or reverse the district court's decision based on our independent review of the magistrate's findings and conclusions. *Id.; Cole v. Kunzler,* 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct.App.1989). The case before us does not involve disputed questions of fact but, rather, turns upon the proper application of law to uncontroverted facts. Consequently, we exercise free review. *State v. Breed,* 111 Idaho 497, 500, 725 P.2d 202, 205 (Ct.App.1986).

At issue is whether the stop of Sevy's motor vehicle violated the prohibition against unreasonable searches and seizures found in the Fourth Amendment to the United States Constitution. There is no doubt that Sevy was seized within the meaning of the Fourth Amendment when he stopped in response to the flashing overhead lights on

Officer Kingsbury's patrol car. *See Delaware v. Prouse*, 440 U.S. 648, 654, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979); *State v. Haworth*, 106 Idaho 405, 406, 679 P.2d 1123, 1124 (1984). It is therefore incumbent upon the State to prove a proper justification for the seizure. *Id.* In order to satisfy constitutional standards, an investigative stop must be justified by a reasonable suspicion on the part of the police, based upon specific articulable facts, that the person to be seized has committed or is about to commit a crime. *Florida v. Royer*, 460 U.S. 491, 498, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983); *State v. Holcomb*, 128 Idaho 296, 302, 912 P.2d 664, 670 (Ct.App.1995); *State v. Fry*, 122 Idaho 100, 103, 831 P.2d 942, 945 (Ct.App.1992). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. The "whole picture" must yield a particularized and objective basis for suspecting that the individual being stopped is or has been engaged in wrongdoing. *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621 (1981); *Fry, supra: State v. McAfee*, 116 Idaho 1007, 1009, 783 P.2d 874, 876 (Ct.App.1989).

■ In this case, the stop was not based upon any observations made by Officer Kingsbury but upon the message he received from police dispatch. In *United States v. Hensley*, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985), the United States Supreme Court held that an officer may effectuate a seizure in reliance upon a police bulletin if the bulletin was based upon facts giving rise to a reasonable suspicion:

> [I]f a [police] flyer or bulletin has been issued on the basis of articulable facts supporting a reasonable suspicion that the wanted person has committed an offense, then reliance on that flyer or bulletin justifies a stop to check identification, to pose questions to the person, or to detain the person briefly while attempting to obtain further information.... If the flyer has been issued in the absence of a reasonable suspicion, then a stop in the objective reliance upon it violates the Fourth Amendment.

*Id.* at 232, 105 S.Ct. at 682 (citations omitted). *See also State v. Etherington*, 129 Idaho 463, 926 P.2d 1310 (Ct.App.1996). Accordingly, we must examine whether the information given to the police, which underlay the dispatcher's message, included articulable facts supporting a reasonable suspicion that the occupant of Sevy's vehicle was involved in criminal activity.

■ Evidence presented at the hearing on Sevy's motion to suppress indicated that the dispatch was based upon a telephone call to the police department by one of the builders with homes under construction in a new subdivision. He had been maintaining nighttime surveillance on the subdivision because in the past few weeks there had been several thefts from his building sites. When the builder called to report his observations about Sevy's pickup, he informed the police that he had previously reported thefts of material from his construction sites and that he had just observed a small pickup travel through the developed portion of the subdivision into an undeveloped area. He reported that the pickup stopped and that an occupant emerged from the pickup, walked around it, lingered for "a couple of minutes" and left. The builder noted the pickup's license number and gave it to the police.

On these facts, we find no objective basis for Sevy's detention. Sevy's brief stop in the subdivision was not near a construction site or an area where construction materials were stored, but in an undeveloped area. Nothing in his conduct of getting out of his vehicle, walking about for a few minutes and driving away implies that criminal activity was afoot, nor did the builder's observations give any basis to link Sevy to thefts that had occurred at construction sites several days earlier. *See State v. Fry, supra* (Detention of individual who was having difficulty operating his vehicle in a parking lot at around midnight in a small town where there had been a rash of property crimes was not supported by reasonable suspicion since officer's observations yielded nothing to implicate defendant in the recent crimes.); *State v. Osborne*, 121 Idaho 520, 826 P.2d 481 (Ct.App.1991) (Detention of man seen standing behind his parked truck with engine running on a public street about

100 yards from property that had been vandalized four to five hours earlier was not justified.). We hold, therefore, that the police dispatch upon which Officer Kingsbury acted was not supported by a particularized and objective basis for suspicion of criminal activity. Sevy's motion to suppress all evidence derived from his unlawful detention should have been granted.[1]

Accordingly, the judgment of conviction is vacated. The order denying Sevy's motion to suppress evidence is reversed, and the case is remanded to the magistrate division for proceedings consistent with this opinion.

WALTERS, C.J., and PERRY, J., concur.

---

1. In light of our determination that the investigative stop was not supported by reasonable suspicion, and that the evidence against Sevy must be suppressed for that reason, we need not address Sevy's alternative argument that the detention was unlawful because it was made outside of Officer Kingsbury's jurisdiction.