15 P.3d 334

**STATE of Idaho,**

v.

**Dale Richard LARSON.**

No. 25875.

Court of Appeals of Idaho.

Dec. 13, 2000.

Ronaldo A. Coulter, State Appellate Public Defender; Paul Sonenberg, Deputy Appellate Public Defender, Boise, for appellant. Paul Sonenberg argued.

Hon. Alan G. Lance, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

LANSING, Judge.

Dale Richard Larson was convicted, on a conditional guilty plea, of driving under the influence of alcohol (DUI), Idaho Code §§ 18–8004, –8005(5). He appeals the denial of his motion to suppress evidence, contending that the evidence was acquired through an unlawful detention.

## I.

### FACTS AND PROCEDURAL HISTORY

Officer Alec Sarrazolla of the Meridian Police Department was dispatched to an apartment in that city. The dispatch was based upon a telephone call from a woman who reported that a man whom she did not know, and who appeared to be drunk, was knocking on her door. The subject was described as a male, Hispanic looking, with a moustache, wearing a brown jacket, and intoxicated.

Officer Sarrazolla testified that he left the police station and arrived at the caller's apartment complex, located four or five blocks away, within one or two minutes after receiving the dispatch. As Officer Sarrazolla was exiting his car, the dispatcher, who remained on the telephone with the caller, informed him that the subject was still at the door. As Sarrazolla was crossing the street, the dispatcher told the officer that the subject was leaving the scene in a GMC pickup with a shell. Virtually simultaneously with this report, Sarrazolla saw a red GMC pickup with a shell leaving the apartment complex driveway. Through the windshield, he saw that the driver matched the subject's description. Officer Sarrazolla motioned for the driver, Larson, to pull over, which he did.

Upon approaching Larson, Officer Sarrazolla noticed the smell of alcohol on Larson's breath. Larson admitted to drinking a few beers that afternoon, and he was unable to produce a valid driver's license. Officer Sarrazolla administered three field sobriety tests, all of which Larson failed. Larson was then arrested for DUI.

Larson moved to have all evidence from the stop suppressed, but this motion was denied by the district court. Larson then

entered a conditional guilty plea, preserving his right to appeal the denial of the suppression motion.

## II.

## ANALYSIS

■ On review of a decision to grant or deny a motion to suppress evidence, this Court defers to the trial court's findings of fact unless they are clearly erroneous, but we must independently determine whether those facts show that the government's conduct complied with applicable constitutional standards. *State v. Bush*, 131 Idaho 22, 28, 951 P.2d 1249, 1255 (1997); *State v. Weber*, 116 Idaho 449, 452, 776 P.2d 458, 461 (1989); *State v. Hawkins*, 131 Idaho 396, 400, 958 P.2d 22, 26 (Ct.App.1998). In this case the facts are uncontroverted, and we are therefore presented with only an issue of law as to whether, on these facts, Larson's constitutional rights were violated.

■ The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. When a defendant challenges the validity of a vehicle stop or other seizure, the burden is on the State to prove that the stop was justified. *Florida v. Royer*, 460 U.S. 491, 498, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229, 236–37 (1983); *State v. Sevy*, 129 Idaho 613, 614–15, 930 P.2d 1358, 1359–60 (Ct.App.1997). To pass constitutional muster, an investigative detention must be based upon reasonable suspicion, derived from specific articulable facts, that the person stopped has committed or is about to commit a crime. *Royer*, 460 U.S. at 498, 103 S.Ct. at 1324, 75 L.Ed.2d at 236–37; *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879–80, 20 L.Ed.2d 889, 905–06 (1968); *Sevy, supra*. The reasonableness of a stop is determined by looking at the totality of the circumstances confronting the officer at the time of the stop. *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621, 628 (1981); *State v. Osborne*, 121 Idaho 520, 526, 826 P.2d 481, 487 (Ct. App.1991). "Based upon that whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activi-

ty." *Cortez*, 449 U.S. at 417–18, 101 S.Ct. at 694–95, 66 L.Ed.2d at 628–30.

■ Reasonable suspicion may be supplied by an informant's tip or a citizen's report of suspect activity. Whether information from such a source is sufficient to create reasonable suspicion depends upon the content and reliability of the information presented by the source, including whether the informant reveals her identity and the basis of her knowledge. *See Alabama v. White*, 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301, 308–09 (1990); *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Adams v. Williams*, 407 U.S. 143, 146–47, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612, 617 (1972). An anonymous tip, standing alone, is generally not enough to justify a stop because "an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity...." *White*, 496 U.S. at 329, 110 S.Ct. at 2415–16, 110 L.Ed.2d at 308–09. *See also Florida v. J.L.*, 529 U.S. 266, 269, 120 S.Ct. 1375, 1378, 146 L.Ed.2d 254 (2000). However, when the information from an anonymous tip bears sufficient indicia of reliability or is corroborated by independent police observations, it may provide justification for a stop. *White*, 496 U.S. at 331, 110 S.Ct. at 2416–17, 110 L.Ed.2d at 309–10. Where the information comes from a known citizen informant rather than an anonymous tipster, the citizen's disclosure of her identity, which carries the risk of accountability if the allegations turn out to be fabricated, is generally deemed adequate to show veracity and reliability. *Gates*, 462 U.S. at 233, 103 S.Ct. at 2329, 76 L.Ed.2d 527, 545; *Williams, supra*; *State v. O'Bryan*, 96 Idaho 548, 552, 531 P.2d 1193, 1197 (1975); *State v. Peterson*, 133 Idaho 44, 47, 981 P.2d 1154, 1157 (Ct.App. 1999); *Dunlap v. State*, 126 Idaho 901, 907, 894 P.2d 134, 140 (Ct.App.1995).

■ Larson argues Officer Sarrazolla did not have a reasonable, articulable suspicion that Larson was engaged in criminal activity because the officer had no way of knowing whether the information he was receiving from dispatch was reliable. Larson relies primarily on this Court's recent opinion in *State v. Hankey*, Docket No. 24551 (Ct.App. Aug.5, 1999) (unpublished). In *Hankey*, an

officer stopped a pickup after receiving a dispatch report of a "domestic" involving a pickup at that intersection. This Court ruled that the evidence obtained from the stop was inadmissible because the State had failed to present *any* evidence on the source of the information reported in the dispatch. Subsequent to briefing in the present case, however, the Idaho Supreme Court reversed this Court's decision. *See State v. Hankey*, 134 Idaho 844, 11 P.3d 40 (2000). The Supreme Court held that the officer's observation of the driver and his family a few minutes earlier, combined with the fact of the dispatch, created reasonable suspicion of criminal activity. Thus, the authority on which Larson relies is no longer viable.

In any event, the State here did not fail to produce evidence on the source or reliability of the information given to the officer by dispatch. Rather, the State showed that the information underlying the dispatch came from a woman at a specified address who was on the telephone with the dispatcher and was reporting unfolding events even as Officer Sarrazolla was responding to the call. Further, some of the information given by the caller was corroborated by the officer's observations before he stopped Larson's vehicle.

Larson next argues that the woman who telephoned the police in this case was an anonymous informant and therefore her report did not provide reasonable suspicion to stop Larson absent greater corroboration than was present here. These assertions are without merit. The source of this report was not an anonymous caller. Although it is not clear from the record whether the dispatcher obtained the caller's name, the caller gave her address and thereby made her identity readily ascertainable. More importantly, she was plainly not attempting to conceal her identity from the police—she was asking for the police to come to her aid because she was frightened by an intoxicated man at her door. Her report was subject to immediate confirmation by responding police, and if she made a willfully false report, she would have been

subject to prosecution under I.C. § 18–705.[1] These circumstances alone would have justified Officer Sarrazolla's reliance upon the caller's report as a basis for the investigative stop. *See Williams*, 407 U.S. at 146–47, 92 S.Ct. at 1923–24, 32 L.Ed.2d 612 at 617–18.

In addition, the information presented by the caller carried a particular indication of reliability in that it was based upon her own first-hand observations of the reported events as they were occurring. Further, her report was partially corroborated by Officer Sarrazolla's observation of a driver and vehicle, which met the description given by the caller, leaving the caller's apartment complex.

We have no difficulty concluding that the totality of these "articulable facts" known to the police officer created a reasonable suspicion that the driver of the pickup was the person who had been knocking on the caller's door and that he was intoxicated. Therefore, the detention to investigate whether Larson was driving while intoxicated was justified, and Larson's suppression motion was properly denied.

### III.

### CONCLUSION

There was reasonable suspicion that Larson was committing a crime when he was detained. This suspicion was based on information from a source who could be deemed reliable and was partially verified by the officer's own observations. Therefore, the order denying Larson's suppression motion is affirmed.

Chief Judge PERRY and Judge SCHWARTZMAN concur.

---

1. Idaho Code § 18–705 provides: "Every person who ... knowingly gives a false report to any peace officer, ... is punishable by a fine not exceeding one thousand dollars ($1,000), ... and imprisonment in the county jail not exceeding one (1) year."