32 P.3d 164

**In the Matter of the Driver's License Suspension of Branon P. Wilson.**

**Branon P. WILSON, Petitioner–Respondent,**

v.

**IDAHO TRANSPORTATION DEPARTMENT, Respondent–Appellant.**

**State of Idaho, Plaintiff–Appellant,**

v.

**Branon P. Wilson, Defendant–Respondent.**

Nos. 26135, 26412.

Court of Appeals of Idaho.

June 25, 2001.

Review Denied Sept. 24, 2001.

---

272

Hon. Alan G. Lance, Attorney General; Edwin L. Litteneker, Lewiston, for Idaho Transportation Department; T. Paul Krueger II, Boise, for State, Deputies Attorney General, for appellants. Edwin L. Litteneker and T. Paul Krueger II argued.

Radakovich Law Office, Lewiston, for respondent. Danny J. Radakovich argued.

SCHWARTZMAN, Chief Judge.

In this consolidated appeal, the state appeals from the district court's affirmance of the magistrate's order granting Branon P. Wilson's motion to suppress evidence that he had been driving under the influence of alcohol (DUI), and the district court's order vacating the Idaho Transportation Department's administrative suspension of Wilson's driving privileges for failing a breath test for blood alcohol concentration.

## I.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 20, 1998, at 2:25 a.m., the Lewiston 911 center received a call from Amber Joy Bryan, a resident of 3532 South Seventh Street, reporting that a Branon Wilson was at her residence; that Wilson had been drinking, had threatened people at her residence and had refused to leave when asked to do so several times; but shortly thereafter drove off in his truck—a maroon and gray 1979 Ford pick up, with confederate flags on the back, license number 49119. Bryan said that Wilson resided at a particular address on Fourteenth Street and was headed in that direction; and that he was "definitely drunk."

Lewiston Police Corporal Glen Rogers received a radio report from the police dispatcher informing him that a DUI suspect

had left the 3500 block of Seventh Street southbound in a pickup truck. Rogers was about a half-mile to a mile away from the 3500 block of Seventh Street when he received the call. As Rogers proceeded in the direction towards which the suspect was headed, the dispatcher informed Rogers that the suspect vehicle was a 1979 maroon and silver Ford with an Idaho license N49119. Rogers saw the headlights of a vehicle proceeding south on Seventh Street from his vantage point across a canyon. After driving towards that location, Rogers then confirmed that it was the suspect vehicle when it passed in front of him. Rogers followed the truck and, although he did not observe any traffic violations himself, initiated a traffic stop. The pickup promptly pulled over in response to the emergency lights on Rogers' patrol car. Based upon his observations and evidentiary tests, Rogers arrested the driver, identified as Wilson, and charged him with DUI. At the station, Wilson's blood alcohol content was measured at .20 percent.

Wilson filed a motion to dismiss and a motion to suppress. At the hearing on Wilson's motions, the 911 recording was played and Rogers testified to the above facts. Rogers acknowledged that he had no reason to stop Wilson other than the information he had received from dispatch. Rogers admitted that he did not know Bryan and did not hear Bryan's conversation with the 911 operator prior to the actual traffic stop.

Wilson argued that there was no factual basis to support Bryan's conclusory opinion that he was intoxicated because she did not disclose any facts supporting her opinion and Rogers did not observe any indicia of driving under the influence. Wilson asserted that Rogers violated his Fourth Amendment rights by stopping him without reasonable suspicion based upon specific articulable facts that he was engaged or about to engage in criminal activity. The state argued that Bryan's information about Wilson's identity, direction of travel, etc., combined with her opinion that he was intoxicated was sufficient to establish reasonable suspicion to justify an investigative stop. The magistrate granted Wilson's motion to suppress on the ground that Rogers lacked reasonable suspicion of drunk driving absent some indicia of the informant's reliability and credibility. The state appealed to the district court. The district court affirmed the magistrate's memorandum opinion and order granting Wilson's motion to suppress. The state appeals again.

## II.

## STANDARD OF APPELLATE REVIEW

■ On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the magistrate court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bitt,* 118 Idaho 584, 585 n. 1, 798 P.2d 43, 44 n. 1 (1990); *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct. App.1993).

## III.

## DISCUSSION

### A. Standard Of Review Applicable To The Magistrate's Order Granting Wilson's Motion To Suppress

■ When reviewing a decision to grant or deny a motion to suppress evidence, this Court defers to the trial court's findings of fact unless they are clearly erroneous, but we must independently determine whether those facts show that the government's conduct complied with applicable constitutional standards. *State v. Bush,* 131 Idaho 22, 28, 951 P.2d 1249, 1255 (1997); *State v. Weber,* 116 Idaho 449, 452, 776 P.2d 458, 461 (1989); *State v. Hawkins,* 131 Idaho 396, 400, 958 P.2d 22, 26 (Ct.App.1998).

In this case the facts are undisputed. Bryan's calls to the 911 operator conveyed the following facts: that Wilson was at her residence at 3532 Seventh Street; that Wilson had been threatening people and had refused to leave when asked to do so several times; that he had been drinking and shortly thereafter drove off in his truck—a maroon and gray 1979 Ford pick-up, license number 49119; that Wilson resided at a particular place (Fourteenth Street) and was headed in that direction; and that he was "definitely drunk." We further note that the complain-

274

ant was an ordinary citizen, not out of the criminal milieu, who left her name and address. In addition, the tape recording of her call to the 911 operator was played to the court and was corroborated by the fact that Wilson's vehicle was at the approximate place at the approximate time she indicated.

We are therefore presented with an issue of law—whether, on these facts, Wilson's Fourth Amendment rights were violated by the seizure of his person and vehicle at the moment Rogers initiated the traffic stop of his truck. We hold that Wilson's rights were not violated.

## B. Constitutional Requirements For A Traffic Stop

 The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. When a defendant challenges the validity of a vehicle stop or other seizure, the burden is on the State to prove that the stop was justified. *Florida v. Royer*, 460 U.S. 491, 498, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229, 236–37 (1983); *State v. Sevy*, 129 Idaho 613, 614–15, 930 P.2d 1358, 1359–60 (Ct.App.1997). To pass constitutional muster, an investigative detention must be based upon reasonable suspicion, derived from specific articulable facts that the person stopped has committed or is about to commit a crime. *Royer*, 460 U.S. at 498, 103 S.Ct. at 1324, 75 L.Ed.2d at 237; *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968); *Sevy*, 129 Idaho at 615, 930 P.2d at 1360. The reasonableness of a stop is determined by looking at the totality of the circumstances confronting the officer at the time of the stop. *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 629 (1981); *State v. Osborne*, 121 Idaho 520, 526, 826 P.2d 481, 487 (Ct.App.1991). "Based upon that whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Cortez*, 449 U.S. at 417–18, 101 S.Ct. at 695, 66 L.Ed.2d at 629. Reasonable suspicion may be supplied by an informant's tip or a citizen's report of suspect activity. Whether information from such a source is sufficient to create reasonable sus-

picion depends upon the content and reliability of the information presented by the source, including whether the informant reveals her identity and the basis of her knowledge. *See Alabama v. White*, 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301, 309 (1990); *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Adams v. Williams*, 407 U.S. 143, 146–47, 92 S.Ct. 1921, 1923–24, 32 L.Ed.2d 612, 617 (1972).

## C. The Reliability Of Bryan's 911 Report Of A Drunk Driver

 Unlike an anonymous tip, which alone and absent sufficient indicia of knowledge and veracity is insufficient to justify a stop, *State v. Etherington*, 129 Idaho 463, 465, 926 P.2d 1310, 1312 (Ct.App.1996), an identified victim-witness' or concerned citizen's report to the police may be presumed reliable, such that the police are not required to establish either the credibility of the informant or the reliability of his information. *See State v. O'Bryan*, 96 Idaho 548, 552, 531 P.2d 1193, 1197 (1975). Where the information comes from a known citizen informant rather than an anonymous tipster, the citizen's disclosure of her identity, which carries the risk of accountability if the allegations turn out to be fabricated, is generally deemed adequate to show veracity and reliability. *State v. Larson*, 135 Idaho 99, 101, 15 P.3d 334, 336 (Ct.App.2000) (citing *Gates*, 462 U.S. at 233, 103 S.Ct. at 2329, 76 L.Ed.2d at 545).

In *Larson*, a Meridian Police officer was dispatched to a woman's home after she complained of a drunken Hispanic-looking man knocking on her apartment door. *Id.* at 100, 15 P.3d at 335. When the officer arrived, the dispatcher, who was in continuous contact with the complainant, advised him that the drunken man was leaving the scene in a GMC pickup with a shell. *Id.* The officer flagged down a red GMC pickup with a shell and driver matching the complainant's description. *Id.* Upon contact with the driver, Larson, the officer smelled alcohol. *Id.* Larson was arrested after failing field sobriety testing. *Id.* On appeal from the denial of Larson's motion to suppress, this Court held

that the officer had reasonable suspicion to stop and detain Larson based upon the identifiable complainant's running report to the dispatcher and officer's observations corroborating the complainant's statements as conveyed to him by the dispatcher. *Id.* at 102, 15 P.3d at 337. *See also Kaysville City v. Mulcahy*, 943 P.2d 231, 235–36 (Utah Ct.App. 1997) (articulating a three factor test for evaluating a tip: (1) the type of tip or informant involved; (2) the details the informant conveyed concerning the criminal activity observed; (3) and the officers personal observations confirming the dispatcher's report of the informant's tip).[1]

■ We note that the great majority of states addressing identified citizen reports of drunk driving, on facts similar to those in *Larson* and *Mulcahy*, have upheld routine investigatory stops based upon this kind of tip. *See, e.g., City of Minnetonka v. Shepherd*, 420 N.W.2d 887 (Minn.1988); *State v. Lambert*, 146 Vt. 142, 499 A.2d 761 (1985). Furthermore, the details related by Bryan in the instant case were more specific than those in either *Larson* or *Mulcahy*. Bryan identified Wilson and gave the location of his home, a detailed description of his vehicle, including the license plate number, and his direction of travel. She reported that Wilson had been at her home, threatening others there and refusing to leave when asked several times, that he had been drinking and was "definitely drunk." This information was based upon Bryan's apparent first-hand observation and history with Wilson at about 2:30 a.m. Furthermore, Rogers, although not observing signs that Wilson was drunk prior to conducting the traffic stop, was able to corroborate Bryan's report by locating the described pickup traveling on a low traffic street in the direction indicated by Bryan.

Wilson attacks Bryan's conclusion that he was intoxicated as being without any articulated basis. Although Bryan's report that Wilson was "definitely drunk" appears conclusory, her opinion was based on her observations of him and is the sort of opinion a layperson has always been qualified and permitted to give in court. *State v. McFarland*, 88 Idaho 527, 534, 401 P.2d 824, 828 (1965). *See also Dionne v. State*, 766 P.2d 1181, 1183 (Alaska Ct.App.1989); *Playle v. Commissioner of Pub. Safety*, 439 N.W.2d 747, 748–49 (Minn.Ct.App.1989). Accordingly, Bryan's conclusion that Wilson was "definitely drunk" was entitled to the same weight as her other statements in the calculus of reasonable suspicion.

## D. Rogers' Reliance On Bryan's Tip Conveyed Through Police Dispatch

■ Articulable facts supporting reasonable suspicion, while usually grounded in an officer's personal perceptions and inferences may, in appropriate circumstances, be based upon external information such as an informant's tip conveyed through police dispatch. *See State v. Carr*, 123 Idaho 127, 130, 844 P.2d 1377, 1380 (Ct.App.1992) (*collective knowledge* of police officers involved in the investigation—including dispatch personnel—may support a finding of probable cause); *State v. Cooper*, 119 Idaho 654, 659, 809 P.2d 515, 520 (Ct.App.1991) (in calculus of probable cause, a deputy could rely in part upon an emergency medical technician's statement conveyed by police dispatcher that a driver, being treated after a collision, appeared intoxicated). An officer receiving a radio dispatch may be expected to take the message at face value and act upon it. *See United States v. Hensley*, 469 U.S. 221, 232, 105 S.Ct. 675, 682, 83 L.Ed.2d 604, 614

1. In *Mulcahy*, a citizen called the police dispatch, identified himself, and reported that at 5:58 a.m. a "drunk individual" believed to be "Joe" had been at his front door and had driven away in a white car—maybe a "Toyota Celica," that the car was traveling east towards the mountains on a road fronting "Davis High School." 943 P.2d at 233. The caller gave what he believed to be Joe's phone number. *Id.* The dispatcher radioed a nearby police officer that an "individual believed to be drunk" was leaving the caller's address, "heading towards Davis High School in white Toyota." *Id.* The officer stopped a vehicle matching the description and direction, without observing any moving violations or other signs of intoxication, and following field observation and sobriety testing, arrested Joe Mulcahy for DUI. *Id.* The trial court granted Mulcahy's motion to suppress for lack of reasonable suspicion for the traffic stop. *Id.* The Utah Court of Appeals reversed the trial court and, after citing *numerous* cases upholding stops on similar information from both anonymous and identified informants. *Id.* at 235–36.

(1985); *Sevy,* 129 Idaho at 615, 930 P.2d at 1360. Whether the officer had the requisite reasonable suspicion to detain a citizen is determined on the basis of the totality of the circumstances, i.e., the collective knowledge of all those officers and dispatchers involved. *State v. Harris,* 130 Idaho 444, 446, 942 P.2d 568, 570 (Ct.App.1997).

■ In this case, we conclude that the details conveyed to Rogers—the description of Wilson's truck down to age, make, paint colors, and license plate number, and the direction and general location—all of which Rogers was able to verify prior to initiating the traffic stop, coupled with Bryan's opinion that Wilson was intoxicated, the time of day, the absence of other traffic, and the brief period of time it took Rogers to locate the suspect vehicle, were all articulable facts giving rise to reasonable suspicion that Wilson was driving under the influence of alcohol. *See Larson,* 135 Idaho at 102, 15 P.3d at 337; *compare State v. Hankey,* 134 Idaho 844, 11 P.3d 40 (2000).

The magistrate incorrectly applied the law of reasonable suspicion to the facts of this case in granting Wilson's motion to suppress. Accordingly, we reverse the magistrate's order suppressing the evidence of Wilson's driving and intoxication arising from the traffic stop.

### IV.

### ADMINISTRATIVE LICENSE SUSPENSION

Because Wilson failed the alcohol content test, his license was administratively suspended pursuant to I.C. § 18–8002A. Wilson requested an administrative hearing on the suspension, and in that proceeding he contended there was no reasonable suspicion for the stop of his vehicle. The hearing officer held the stop to be valid and therefore upheld the administrative suspension. On judicial review, the district court vacated the license suspension on the basis that the stop of Wilson's vehicle was not supported by reasonable suspicion. The state also appeals from this decision.

■ The evidentiary record in the administrative proceeding differs somewhat from that made on the suppression motion, but contains substantially the same information. However, the state placed in evidence the incident report prepared by the arresting officer and records pertaining to Bryan's telephone call. These records show that Bryan identified herself and gave her address, that she complained of an "unwanted" intoxicated person at a specified address in Lewiston, and that the intoxicated person had left in a described pickup headed in a particular direction. While the evidence introduced at the administrative hearing regarding the information given by Bryan is less complete than that presented at the suppression hearing, we conclude that it is still sufficient to show reasonable suspicion for the stop.[2]

Accordingly, for the reasons stated above with respect to the suppression motion, we hold that the state established reasonable suspicion or legal cause for the stop in the administrative license suspension proceeding. We therefore reverse the district court's order dismissing the administrative license suspension and reinstate the suspension of Wilson's driver's privileges.

### V.

### CONCLUSION

The magistrate's order granting Wilson's motion to suppress and the district court's dismissal of the Idaho Transportation Department's administrative suspension of Wilson's driver's license are reversed and the cases remanded for further proceedings consistent with this opinion.

Judge LANSING and Judge Pro Tem HART concur.

---

**2.** We note that under I.C. § 18–8002A(7), the burden of proof is on the petitioner to show that

the officer did not have legal cause to make the stop.