88 P.3d 780

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dawn Jeanine VAN DORNE, Defendant–Appellant.**

No. 29379.

Court of Appeals of Idaho.

March 16, 2004.

Davison, Copple, Copple Copple, Boise, for appellant. Jon R. Cox argued.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent. Rebekah A. Cudé argued.

WALTERS, Judge Pro Tem.

Dawn Jeanine Van Dorne appeals the district court's order denying Van Dorne's motion to suppress. We affirm.

## I.

## FACTUAL & PROCEDURAL BACKGROUND

In the early morning hours of March 30, 2002, Van Dorne was involved in a car accident with Hill. Van Dorne got out of her car, had a conversation with Hill and Hill's passengers, and after providing certain information to Hill, Van Dorne left the scene. Hill and the other occupants of her vehicle believed Van Dorne was under the influence of alcohol. According to Hill's testimony, Hill contacted the police during Van Dorne's conversation with Hill's passengers. During this call with police dispatch, Hill provided information that Van Dorne was probably intoxicated. Hill also believed that Van Dorne had not provided proof of registration and liability insurance as required by law. Officer Sherfick of the Boise City Police was dispatched to the scene and arrived shortly thereafter. Van Dorne left before Sherfick arrived. At some point after arriving on the scene, Officer Sherfick called dispatch and requested that Van Dorne's vehicle be located and stopped. Officer Hartgrove was dispatched to locate Van Dorne. He was successful in doing so and stopped her. Van Dorne was later found to have been driving while under the influence and was charged with DUI. She sought to suppress the evidence of her intoxication obtained from the stop on the ground that there was no reasonable suspicion or probable cause to make the stop. The district court denied the motion to suppress, and Van Dorne entered a conditional plea of guilty, reserving her right to

appeal the denial of her suppression motion. On appeal, she contends that the district court erred in denying her motion to suppress because no probable cause or reasonable suspicion existed to stop Van Dorne. She also contends that certain factual findings made by the district court are unsupported by the record.

## II.

## ANALYSIS

Van Dorne contends that the district court erroneously found reasonable suspicion for the stop of her vehicle.

■ The Fourth Amendment to the United States Constitution guarantees freedom from unreasonable searches and seizures. Its purpose is to impose a standard of reasonableness upon the exercise of discretion by governmental agents to safeguard an individual's privacy and security against arbitrary invasions. *State v. Maddox*, 137 Idaho 821, 824, 54 P.3d 464, 467 (Ct.App.2002). The stop of a vehicle constitutes a seizure of its occupants and is therefore subject to Fourth Amendment restraints. *Id.* A police officer may, without violating constitutional rights, make an investigatory stop of an individual if that officer has a reasonable suspicion that criminal activity is underway. *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion requires less than probable cause but more than speculation or instinct on the part of the officer. *State v. McCarthy*, 133 Idaho 119, 124, 982 P.2d 954, 959 (Ct.App.1999). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop, and the " 'whole picture' must yield a particularized and objective basis for suspecting that the individual being stopped is or has been engaged in wrongdoing." *State v. Sevy*, 129 Idaho 613, 615, 930 P.2d 1358, 1360 (Ct.App.1997). When a defendant challenges the validity of a vehicle stop or other seizure, the burden is on the state to prove that the stop was justified. *State v. Larson*, 135 Idaho 99, 101, 15 P.3d 334, 336 (Ct.App.2000). If evidence is not seized pursuant to a recognized exception to the warrant requirement, the evidence discovered as a result of the illegal search must be excluded as the "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Our review of orders granting or denying motions to suppress is bifurcated. We defer to the lower court's findings of fact unless they are clearly erroneous. *State v. Weber*, 116 Idaho 449, 452, 776 P.2d 458, 461 (1989); *State v. Luna*, 126 Idaho 235, 236, 880 P.2d 265, 266 (Ct.App.1994); *State v. Carr*, 123 Idaho 127, 129, 844 P.2d 1377, 1379 (Ct.App. 1992). However, we exercise free review over the trial court's determination as to whether constitutional requirements have been satisfied in light of facts found. *Luna*, 126 Idaho at 236, 880 P.2d at 266; *Carr*, 123 Idaho at 129, 844 P.2d at 1379.

### A. The Officer Making the Investigative Stop Did Not Need Knowledge of the Underlying Basis for the Stop

■ We first address Van Dorne's contention that Officer Hartgrove, who initiated the stop, was required to be privy to the underlying information which constituted the grounds for the reasonable suspicion.

■ This issue was addressed in *United States v. Hensley*, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985), wherein the United States Supreme Court held that an officer who makes an investigatory stop in reliance upon a report or bulletin from another law enforcement officer or agency need not have personal knowledge of the facts that underlay the report so long as the person who generated the report possessed the requisite reasonable suspicion. *Id.* at 232–33, 105 S.Ct. 675. The Court explained that the admissibility of evidence derived from the stop turns not upon whether the officer who acted in reliance upon a report or bulletin possessed reasonable suspicion, but on whether the officer who *issued* the report or bulletin had knowledge of articulable facts supporting a reasonable suspicion that the person to be stopped is or has been involved in criminal activity. "If the flyer has been issued in the absence of reasonable suspicion, then a stop in the objective reliance upon it

violates the Fourth Amendment." *Id.* at 232, 105 S.Ct. 675. Thus, while officers at the scene may properly act on directions or information from another officer and "cannot be expected to cross-examine their fellow officers about the foundation for the transmitted information," *id.* at 231, 105 S.Ct. 675 (quoting *United States v. Robinson,* 536 F.2d 1298, 1299 (9th Cir.1976)), if the defendant seeks suppression of derivative evidence, it is incumbent upon the state to prove that the directive or report was justified by reasonable suspicion.

Here, the state concedes that Officer Hartgrove's sole reason for stopping Van Dorne was the ATL (Attempt to Locate) issued pursuant to Officer Sherfick's request. Applying the principle set out in *Hensley,* we need only determine whether Officer Sherfick had reasonable suspicion for requesting that Van Dorne be stopped. Van Dorne's challenge to the legality of the stop on the ground that Officer Hartgrove was not fully apprised of the facts supporting the stop therefore fails.

**B. Reasonable Suspicion Supported the Issuance of the ATL**

■ Van Dorne contends that Officer Sherfick's issuance of the ATL was done without any meaningful investigation or a real determination of whether a crime had been committed, and that he therefore did not possess reasonable suspicion. She also contends that the stop could not have been based upon any evidence of intoxication because the ATL was issued before Officer Sherfick had any information about Van Dorne's intoxication. The district court's factual findings do not make clear the point at which Officer Sherfick issued the ATL.

Helpful to our analysis is *Wilson v. Idaho Transp. Dep't,* 136 Idaho 270, 32 P.3d 164, (Ct.App.2001), wherein we stated:

Articulable facts supporting reasonable suspicion, while usually grounded in an officer's personal perceptions and inferences may, in appropriate circumstances, be based upon external information such as an informant's tip conveyed through police dispatch. *See State v. Carr,* 123 Idaho 127, 130, 844 P.2d 1377, 1380 (Ct.

App.1992) (*collective knowledge* of police officers involved in the investigation—including dispatch personnel—may support a finding of probable cause); *State v. Cooper,* 119 Idaho 654, 659, 809 P.2d 515, 520 (Ct.App.1991) (in calculus of probable cause, a deputy could rely in part upon an emergency medical technician's statement conveyed by police dispatcher that a driver, being treated after a collision, appeared intoxicated). An officer receiving a radio dispatch may be expected to take the message at face value and act upon it. *See United States v. Hensley,* 469 U.S. 221, 232, 105 S.Ct. 675, 682, 83 L.Ed.2d 604, 614 (1985); *Sevy,* 129 Idaho at 615, 930 P.2d at 1360. Whether the officer had the requisite reasonable suspicion to detain a citizen is determined on the basis of the totality of the circumstances, i.e., the collective knowledge of all those officers and dispatchers involved. *State v. Harris,* 130 Idaho 444, 446, 942 P.2d 568, 570 (Ct.App. 1997).

*Wilson,* 136 Idaho at 275–76, 32 P.3d at 169–70.

■ Here, Hill testified unequivocally at the suppression hearing that she notified dispatch of Van Dorne's likely intoxication before Sherfick even arrived on the scene. The relevant testimony, on direct examination by defense counsel, was as follows:

Q [After Van Dorne provided you her card], you called the police at that point; correct? You called 911?

A At that point, yes, I called the police while my—the other people in the car continued to talk with her.

Q Okay. And you reported to the dispatch operator that there was an accident and asked them to send an officer; correct?

A Yes, and I reported to them that it was obviously apparent that she had been drinking.

Q You said that to the dispatch officer?

A I'm pretty sure.

Q You're not sure, though—

A I'm almost definitely positive because I remember her walking up to me slurring her speech and not being able to walk very well.

Q Okay. Whether or not you remember that happening or not, the real question is are you positive that you told the dispatch officer that, in fact, you believed that she had been drinking or—

A I am positive.

We conclude that under the collective knowledge doctrine, knowledge obtained by dispatch from Hill was imputed to Sherfick for purposes of determining whether there was reasonable suspicion to issue the ATL. The next logical question is whether Sherfick had reasonable suspicion under these circumstances.

■ This Court has stated that where the information comes from a known citizen informant rather than an anonymous tipster, the citizen's disclosure of her identity, which carries the risk of accountability if the allegations turn out to be fabricated, is generally deemed adequate to show veracity and reliability. *See State v. Alexander*, 138 Idaho 18, 24, 56 P.3d 780, 786 (Ct.App.2002); *Larson*, 135 Idaho at 101, 15 P.3d at 336. A known citizen is one who provides facts from which his or her identity can be readily ascertained. *Larson*, 135 Idaho at 102, 15 P.3d at 337. Here, Hill called dispatch as a citizen informant. The dispatch log indicates that Hill provided her name and location. She also described Van Dorne's vehicle and gave the license plate number. Sherfick's arrival at the accident scene confirmed Hill's willingness to provide additional information as requested. On these facts, Sherfick had reasonable suspicion to issue the ATL even before he received information personally from Hill that Van Dorne was likely intoxicated. Exactly when Sherfick learned of the intoxication is therefore irrelevant. We also need not consider the significance of facts relating to whether Van Dorne did or did not provide proper information to Hill before leaving the scene.

### III.

### CONCLUSION

For the foregoing reasons, we affirm the order denying the suppression motion.

Judge PERRY and Judge GUTIERREZ concur.