# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50992

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

CHANTHAPHONE
VONGPHACHANH,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed:  April 3, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. James S. Cawthon, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

MELANSON, Judge Pro Tem

Chanthaphone Vongphachanh appeals from his judgment of conviction for possession of a controlled substance.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Law enforcement officers were surveilling a residence in preparation for the execution of a search warrant as part of a drug investigation.  They observed Vongphachanh arrive at the residence, stay for a few minutes, and leave driving a silver Toyota Tundra.  A detective then followed Vongphachanh and observed him fail to come to a complete stop at a stop sign.  The detective communicated this observation over the radio to other police officers, who did not personally observe the traffic violation.  Those officers then conducted a traffic stop of

1

Vongphachanh's vehicle. After Vongphachanh refused to exit his vehicle, he was tased and removed from the vehicle by the officers who discovered that he was in possession of methamphetamine and drug paraphernalia. Vongphachanh was charged with possession of a controlled substance and possession of drug paraphernalia. He filed a motion to suppress evidence which was denied by the district court. Vongphachanh entered a conditional guilty plea to possession of a controlled substance (I.C. § 37-2732(c)), reserving his right to appeal from the denial of his motion to suppress. He now appeals, arguing that the stop was not constitutionally reasonable because it was pretextual and because the officers who conducted the stop did not personally observe the traffic violation.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires

less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Vongphachanh argues that the stop of his vehicle was pretextual and therefore unreasonable. He argues that the officers who stopped him had only a hunch that he was involved in a drug transaction because he had been observed entering and leaving a suspected "drug house" and that the stop sign violation observed by the detective and relayed to the officers was a pretext for the actual reason for the stop--to investigate a drug offense. However, this Court has held that, when an officer has an objectively reasonable basis for making an investigative stop, the officer's subjective motive or actual state of mind is irrelevant. *State v. Myers*, 118 Idaho 608, 610, 798 P.2d 453, 455 (Ct. App. 1990); *State v. Law*, 115 Idaho 769, 772, 769 P.2d 1141, 1144 (Ct. App. 1989); *see also Whren v. United States*, 517 U.S. 806, 813 (1996) (holding that reasonableness of a traffic stop does not depend on the actual motivation of the officer). Because the officers had an objectively reasonable basis to stop Vongphachanh (the stop sign violation), their subjective motive for the stop--even if it was to investigate a drug offense--is irrelevant.

Vongphachanh also argues that the stop was unlawful because the officers who stopped him did not personally observe the traffic violation. This argument is unavailing. A police officer who makes an investigatory stop in reliance upon a report from another law enforcement officer or agency need not have personal knowledge of the facts that underlay the report so long as the person who generated the report possessed the requisite reasonable suspicion. *United States v. Hensley* 469 U.S. 221, 232-33 (1985); *State v. Van Dorne*, 139 Idaho 961, 963, 88 P.3d 780, 782 (Ct. App. 2004). If a defendant seeks suppression of derivative evidence, it is incumbent upon the State to prove that the report was justified by reasonable suspicion. *Van Dorne*, 139 Idaho at 963, 88 P.3d at 782.

Here, a detective testified that he personally observed Vongphachanh fail to stop at a stop sign and that he reported that information by radio to other officers, including a description of the vehicle and its license plate. One of the officers who conducted the stop testified that he received that information from the detective. The district court recognized that the officers who conducted the stop were entitled to rely on the report from the detective who personally observed the traffic

3

violation. Thus, the stop of Vongphachanh was supported by reasonable suspicion derived from the detective's personal observation conveyed to the officer who conducted the stop. Vongphachanh has failed to show error in the district court's denial of his motion to suppress.

## IV.

## CONCLUSION

Vongphachanh has failed to show that the district court erred in denying his motion to suppress. Therefore, Vongphachanh's judgment of conviction for possession of a controlled substance is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.