**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40491**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 729 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 29, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| HECTOR HERMAN PAEZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction for felony DUI and being a persistent violator of the law, <u>affirmed</u>.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Hector Herman Paez appeals from his judgment of conviction for felony driving under the influence and being a persistent violator of the law. Specifically, he contends that the district court erred by denying his motion to suppress for lack of reasonable suspicion. For the reasons set forth below, we affirm.

Paez was charged with felony driving under the influence (DUI) after officers discovered him intoxicated in his vehicle with the engine running and trying to put the vehicle in gear. The officers were informed that Paez was intoxicated and might be attempting to drive by a security supervisor at a Boise music festival and an unidentified private citizen who subsequently could not be located. Paez filed a motion to suppress evidence in the case, arguing that the officers lacked reasonable suspicion to detain him. Specifically, he alleged that the unidentified citizen was an anonymous informant whose tip was insufficient to provide reasonable suspicion and that the officers' subsequent investigation failed to provide sufficient corroboration or independent

1

grounds for reasonable suspicion. The district court denied the motion and Paez pled guilty to felony DUI, I.C. §§ 18-8004 and 18-8005(9), with a sentencing enhancement for being a persistent violator of the law, I.C. § 19-2514. Paez appeals.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Paez contends that the district court erred in denying his motion to suppress. He argues that the unidentified citizen informant's tip did not provide the officers with reasonable suspicion to conduct an investigative detention. The Fourth Amendment to the United States Constitution, and its counterpart, Article I, Section 17 of the Idaho Constitution, guarantee the right of every citizen to be free from unreasonable searches and seizures. Under the Fourth Amendment, an investigative detention is a permissible seizure if it is based on specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 26 (1968); *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). The quantity and quality of information necessary to establish reasonable suspicion to perform an investigative detention is less than that necessary to establish probable cause. *Alabama v. White*, 496 U.S. 325, 330 (1990); *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009). Still, reasonable suspicion requires more than a mere hunch or inchoate and unparticularized suspicion. *United States v. Sokolow*, 490 U.S. 1, 7 (1989); *Terry*, 392 U.S. at 27. Whether an officer possessed reasonable suspicion is evaluated based on the totality of the circumstances known to the officer at or before the time of the stop. *United States v. Cortez*, 449 U.S. 411, 417-18 (1981); *Sheldon*, 139 Idaho at 983, 88 P.3d at 1223. An officer may draw reasonable inferences from the specific articulable facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Swindle*, 148 Idaho 61, 64, 218 P.3d 790, 793 (Ct. App. 2009); *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

2

Reasonable suspicion may be supplied by an informant's tip or a citizen's report of suspicious activity. *Bishop*, 146 Idaho at 812, 203 P.3d at 1211; *State v. Linenberger*, 151 Idaho 680, 685, 263 P.3d 145, 150 (Ct. App. 2011). Whether a tip is sufficient to create reasonable suspicion depends upon the content and reliability of the information in the tip, including whether the informant reveals his or her identity and the basis of the informant's knowledge. *Bishop*, 146 Idaho at 812, 203 P.3d at 1211; *Linenberger*, 151 Idaho at 685, 263 P.3d at 150. *See also White*, 496 U.S. at 330. When a tip is received from a known citizen informant, the disclosure of the citizen's identity or information making the citizen's identity readily ascertainable creates the risk of accountability if the allegations turn out to be fabricated, so the tip is generally sufficient to establish reasonable suspicion. *Linenberger*, 151 Idaho at 685, 263 P.3d at 150; *State v. Larson*, 135 Idaho 99, 101, 15 P.3d 334, 336 (Ct. App. 2000). Conversely, an anonymous tip, standing alone, is generally not enough to justify an investigatory detention because an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity. *Florida v. J.L.*, 529 U.S. 266, 269 (2000); *White*, 496 U.S. at 329; *Larson*, 135 Idaho at 101, 15 P.3d at 336. However, when the information from an anonymous tip bears sufficient indicia of reliability or is corroborated by independent police observations, it may provide justification for an investigative detention. *White*, 496 U.S. at 331-32; *Linenberger*, 151 Idaho at 685, 263 P.3d at 150; *Larson*, 135 Idaho at 101, 15 P.3d at 336.

The district court did not make a specific ruling on the status of the citizen informant. Paez alleges that the citizen was an anonymous informant whose tip is insufficient to provide reasonable suspicion because the citizen did not provide his name and he was not able to be located later. The state responds by arguing that the citizen was not a truly anonymous informant because he spoke to the police directly about alleged illegal activity he had witnessed and made no attempt to conceal his identity.

An informant need not provide his or her name to be considered a known citizen informant. *Bishop*, 146 Idaho at 812, 203 P.3d at 1211. Instead, any information that allows the informant's identity to be readily ascertainable will suffice. *Id.* This is especially true when it is clear that the informant is not trying to conceal his or her identity, such as when the informant reports illegal activity that he or she personally observed. *Id.* In this case, the citizen informant did not merely call a tip line to report a drunk driver; instead, he sought out uniformed officers to provide them with a report of alleged illegal activity that he had observed, indicating that he was

not worried about concealing his identity. However, the citizen did not provide his name, and the record does not indicate whether that was due to a failure by the officers to ask his name or his refusal to provide it. Thus, we cannot assume that the citizen was not trying to conceal his identity. Moreover, the officers were unable to subsequently locate the private citizen after confirming his report. Although the citizen informant spoke with officers to report the illegal activity he witnessed, he did not provide any information that would allow police to determine his identity. Because there was no threat of prosecution for providing false information, we will not, for purposes of this analysis, afford this informant with the assumption of credibility associated with a known citizen informant. We, therefore, deem the informant was an anonymous informant. We proceed in our analysis accordingly.

Paez argues that, because the informant was anonymous, his tip was unreliable and insufficient to provide reasonable suspicion to perform the investigative detention. Paez also contends that the officers' own observations did not corroborate the informant's information.

We disagree. As noted above, an anonymous informant's tip may still provide reasonable suspicion for an investigative detention if the tip bears sufficient indicia of reliability or is corroborated by independent police observations. *White*, 496 U.S. at 331-32; *Linenberger*, 151 Idaho at 685, 263 P.3d at 150; *Larson*, 135 Idaho at 101, 15 P.3d at 336. In this case, the officers were approached by the unidentified private citizen and a security supervisor with whom they were already familiar. The citizen reported that he witnessed a very intoxicated Hispanic male getting into a vehicle and preparing to drive away. The citizen also provided a description of the vehicle and its precise location. The security supervisor then stated that this sounded like the Hispanic male who had recently been ejected from the music festival for being too intoxicated and causing a disturbance. Although there was no other evidence indicating that the Hispanic male referenced by the security supervisor was the same Hispanic male the citizen had observed, this information still allowed officers to draw that reasonable inference given the proximity in time and location of the person and conduct described.

Additionally, when the officers went to the location identified by the citizen, they found a parked vehicle matching the citizen's description with the brake lights on and the engine running. One of the officers testified that, when they approached the vehicle, the Hispanic male in the driver's seat (later identified as Paez) appeared to be struggling with the simple task of putting the car in gear. The officer also testified that Paez appeared sleepy and that, when the

4

officer tapped on the driver's side window to get Paez's attention, his reaction time was slow. The officer stated that this caused him to believe based on his training and experience that Paez was intoxicated, necessitating the investigatory detention. Thus, the citizen's report was corroborated by the officers' independent investigation and reasonable inferences based on their experience, making the anonymous tip sufficiently reliable to provide reasonable suspicion. The district court did not err in denying Paez's motion to suppress.

Although the citizen informant was anonymous, his tip was corroborated by the officers' independent observations. Under the totality of the circumstances, the anonymous informant's tip that Paez was intoxicated and attempting to drive provided reasonable suspicion to justify the investigative detention. Therefore, the district court did not err in denying Paez's motion to suppress. Accordingly, Paez's judgment of conviction for felony DUI and being a persistent violator of the law is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**