117 P.3d 876

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Silas V. CERINO, Defendant–Appellant.**

**No. 30819.**

Court of Appeals of Idaho.

June 30, 2005.

Molly J. Huskey, State Appellate Public Defender; Kimberly J. Simmons, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Silas V. Cerino was convicted of possession of methamphetamine. On appeal, Cerino contends that the district court erred in denying his motion to suppress evidence that police obtained as a result of an investigative stop. We reverse and remand.

## I.

## BACKGROUND

Rupert police officers received an anonymous tip stating that a white Nissan pickup bearing 1B (Bannock County) license plates was transporting illegal drugs between eastern Idaho and Rupert. The rest of the license number was not given. The tipster also identified a specific residence in Rupert where the vehicle would stop in the course of the drug transport. Detective Reed of the Rupert Police Department, while conducting surveillance of the identified house, saw a vehicle matching the tipster's description parked at the residence. Detective Reed radioed an inquiry on the registration of the vehicle. Dispatch responded that there were two registered owners—Silas Cerino and Robin Cerino. Reed did not know, and had never heard of, either registered owner. Reed later saw a man leave the Rupert residence and drive away in the white pickup. Reed then requested a driver's license check on the male registered owner and was informed that Silas Cerino did not have an Idaho driver's license. Suspecting that the male driving the vehicle was Cerino, Reed requested another officer to stop the driver for operating a vehicle without a valid license. After the vehicle was stopped, it was discovered that the driver was in fact Silas Cerino and he was then arrested for driving without a license.[1] In a subsequent inventory search of Cerino's vehicle, officers discovered a plastic baggie containing crystal methamphetamine and a prescription bottle with methamphetamine residue.

Cerino was charged with possession of methamphetamine, Idaho Code § 37–2732(c)(1). He pleaded not guilty and filed a

motion to suppress the evidence gathered subsequent to the stop, contending that the police officers lacked reasonable suspicion to conduct an investigative stop. The district court denied the motion, holding that the stop was constitutionally reasonable based upon Detective Reed's suspicion that Cerino was operating a vehicle without a valid driver's license. Following the denial of his suppression motion, Cerino conditionally pleaded guilty, reserving his right to appeal the denial of the motion. Cerino received a suspended seven-year sentence with a two-year determinate term and was placed on probation.

## II.

## ANALYSIS

██ The Fourth Amendment to the United States Constitution guarantees every citizen the right to be free from unreasonable searches and seizures. Its purpose is "to impose a standard of 'reasonableness' upon the exercise of discretion by government officials, including law enforcement agents, in order to 'safeguard the privacy and security of individuals against arbitrary invasions.'" *Delaware v. Prouse*, 440 U.S. 648, 653–54, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660, 667–68 (1979) (quoting *Marshall v. Barlows, Inc.*, 436 U.S. 307, 312, 98 S.Ct. 1816, 1820, 56 L.Ed.2d 305, 311 (1978)). The stop of a vehicle constitutes a seizure of its occupants and is therefore subject to the Fourth Amendment restraints. *Id.* at 653, 99 S.Ct. at 1395–96, 59 L.Ed.2d at 667; *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct.App.1998). Although a vehicle stop is limited in magnitude compared to other types of seizures, it is nonetheless a "constitutionally cognizable" intrusion and therefore may not be conducted "at the unbridled discretion of law enforcement officials." *Prouse*, 440 U.S. at 661, 99 S.Ct. at 1400, 59 L.Ed.2d at 672.

██ The constitutionality of particular law enforcement conduct "is judged by balancing its intrusion on the individual's

---

1. The officer's authority to arrest Cerino for driving without a license, rather than issue a citation, is not questioned in this appeal.

Fourth Amendment interests against its promotion of legitimate governmental interests." *Id.* at 654, 99 S.Ct. at 1396, 59 L.Ed.2d at 667–68. Under this standard, the Fourth Amendment is not violated when a police officer stops a vehicle for investigative purposes if the officer has a reasonable and objective basis for suspecting that the vehicle or an occupant is involved in criminal activity. *Prouse,* 440 U.S. at 663, 99 S.Ct. at 1401, 59 L.Ed.2d at 673–74; *State v. Van Dorne,* 139 Idaho 961, 963, 88 P.3d 780, 782 (Ct.App. 2004); *State v. Sevy,* 129 Idaho 613, 615, 930 P.2d 1358, 1360 (Ct.App.1997). The information required for reasonable suspicion is less than is required for probable cause, but it must be more than mere speculation or a hunch on the part of the police officer. *Van Dorne,* 139 Idaho at 963, 88 P.3d at 782; *State v. Evans,* 134 Idaho 560, 563, 6 P.3d 416, 419 (Ct.App.2000). There must be "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1879–80, 20 L.Ed.2d 889, 905–06 (1968). The reasonableness of the officer's suspicion is evaluated based upon the totality of the circumstances at the time of the seizure. *Evans,* 134 Idaho at 563, 6 P.3d at 419; *Flowers,* 131 Idaho at 208, 953 P.2d at 648.

■ In the present case, the State concedes that the anonymous tip did not bear sufficient indicia of reliability to create reasonable suspicion. *See, e.g., Florida v. J.L.,* 529 U.S. 266, 270, 120 S.Ct. 1375, 1378, 146 L.Ed.2d 254, 259–60 (2000); *Illinois v. Gates,* 462 U.S. 213, 234, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527, 545–46 (1983). Therefore, our focus is upon the only other knowledge that Detective Reed possessed concerning the vehicle when the stop was initiated. That knowledge was that the pickup was registered to a male and a female, that the male registrant did not possess an Idaho driver's license, and that a male was presently driving the vehicle. The State argues that this information is sufficient to justify an investigative stop because it is reasonable to infer that the male driver of the vehicle was the co-registrant who did not hold an Idaho li-

cense. We conclude, however, that this information was insufficient to warrant the intrusion of a vehicle stop.

First, as to Cerino's driving status, the detective knew only that Cerino had not obtained an Idaho driver's license; he had no information as to whether Cerino held a driver's license from another jurisdiction. More importantly, because Detective Reed had never previously seen Cerino and had received no physical description of him, nothing but the driver's gender "matched" the officer's information about Cerino. In these circumstances there was little basis to infer that the male registrant was driving; it was as plausible and perhaps more likely, that the driver was someone else. It is not unlawful for a person to drive a vehicle that is registered to an unlicensed owner, nor for the unlicensed owner to allow another to drive his vehicle. We conclude that the mere observation of a vehicle being driven by someone of the same gender as the unlicensed owner is insufficient to give rise to a reasonable suspicion of unlawful activity. A contrary holding would endorse the sort of arbitrary invasions of personal liberty and privacy that the Fourth Amendment is designed to hold in check. Officers could run owner registration and driver's license checks for any vehicle they see in operation, seeking an owner without an Idaho license and a driver of the same gender, and would be authorized to stop any vehicle meeting these criteria. In our judgment, the Fourth Amendment safeguard requires more particularized suspicion to justify the "constitutionally cognizable intrusion" of stopping a motorist.

We recognize that in addition to knowing that the male owner of the vehicle lacked an Idaho license, Detective Reed also knew about the anonymous tip indicating that a similar vehicle was being used to transport illegal drugs. However, the tipster's information did not bolster the likelihood that Cerino was the vehicle's driver at the time of the stop, nor did the information that Cerino was unlicensed tend to corroborate the anonymous tip. These two unrelated pieces of

information do not add up to reasonable suspicion.

We hold that the information known to Detective Reed at the time he ordered the stop of Cerino's vehicle was insufficient to create reasonable suspicion that the vehicle or its driver were involved in unlawful activity. Accordingly, the order of the district court denying Cerino's motion to suppress evidence is reversed, and the case is remanded.

Chief Judge PERRY and Judge GUTIERREZ concur.