**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40914**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 653** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: August 8, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **KIRK LEE PENDERGRASS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge; Hon. John T. Hawley, Jr., Magistrate.

Decision of the district court, on intermediate appeal, affirming denial of motion to suppress, <u>affirmed</u>.

Alan Trimming, Ada County Public Defender; Adam C. Kimball, Ada County Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Kirk Lee Pendergrass appeals from the memorandum decision and order of the district court affirming the magistrate's denial of Pendergrass' motion to suppress. For the reasons that follow, we affirm.

## I.

## FACTS AND PROCEDURE

An officer with the Garden City Police Department was on patrol when he saw a vehicle and proceeded to do a search of the vehicle's license plate number using his in-car computer. The system returned information on the registration, including a driver's license number associated with the registration. The officer conducted a search of the driver's license number and learned that the driver's license was issued to Pendergrass and also learned that Pendergrass' driving privileges were suspended. Additionally, the officer was able to obtain a picture of

1

Pendergrass from a prior booking photograph. Although the officer lost sight of the vehicle, a few minutes later the officer was proceeding down a residential street when he saw the same vehicle being driven towards him. The officer testified that he had the booking photograph still on display on his computer and was able to identify the driver of the vehicle as Pendergrass. The officer then executed a u-turn and initiated a traffic stop of Pendergrass. Pendergrass was cited for driving without privileges and failure to provide proof of insurance.[1]

Pendergrass was subsequently appointed counsel who moved to suppress the evidence on the grounds that the officer who stopped Pendergrass lacked reasonable suspicion. A magistrate conducted a hearing on the motion to suppress at which the officer and Pendergrass testified. After the hearing, the magistrate issued a memorandum decision and order denying the motion to suppress, and Pendergrass entered a conditional guilty plea, reserving the right to appeal. Pendergrass appealed to the district court, and the district court held a hearing in its appellate capacity. The district court affirmed the magistrate's denial of Pendergrass' motion to suppress, and Pendergrass appeals.

## II.

### STANDARD OF REVIEW

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). Thus, we do not review the decision of the magistrate court. *Bailey*, 153 Idaho at 529, 284 P.3d at 973. Rather, we are procedurally bound to affirm or reverse the decision of the district court. *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009).

---

[1] The citation for failure to provide proof of insurance is not at issue in this appeal, for Pendergrass paid the fine.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

On appeal, Pendergrass argues that the traffic stop conducted by the officer violated his Fourth Amendment rights under the United States Constitution because the officer did not have reasonable suspicion based on articulable facts that Pendergrass was the driver of the vehicle immediately prior to the stop. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause, but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

Much of Pendergrass' argument on appeal rests on *State v. Cerino*, 141 Idaho 736, 117 P.3d 876 (Ct. App. 2005). In that case, we analyzed whether, under the totality of the circumstances, a detective possessed reasonable suspicion at the time he initiated a traffic stop. All that was known to the detective at the time was that the vehicle was registered to a male and

a female, that the male registrant did not possess an Idaho driver's license, and that a male was presently driving the vehicle. Although the State argued that this information constituted reasonable suspicion, we concluded otherwise. *Id.* at 738, 117 P.3d at 878. We noted that the detective knew only that the registrant did not have an Idaho driver's license, but did not know whether the registrant had a license from another jurisdiction. *Id.* In addition, the detective had never seen the registrant and had no physical description of him; thus, nothing but the driver's gender "matched" the officer's information about the registration. *Id.* Therefore, we held "that the mere observation of a vehicle being driven by someone of the same gender as the unlicensed owner is insufficient to give rise to a reasonable suspicion of unlawful activity." *Id.* *Cerino*, on its facts, is inapplicable to the present case. Unlike the detective in *Cerino*, the officer in this case had more than a mere observation of a vehicle being driven by someone of the same gender as the unlicensed owner.

More applicable in this instance is *State v. Law*, 115 Idaho 769, 769 P.2d 1141 (Ct. App. 1989), where an officer observed an automobile arrive at a house, and the officer learned that the registered owner of the automobile, Roger Law, had a warrant for his arrest and that his driving privileges were suspended. The officer also received a physical description of Law from which the officer determined that the driver of the automobile met the physical description of Law, as the driver entered the house and returned to the vehicle several times. The driver of the automobile then drove away from the house. A second officer heard the other officer's report that the automobile was leaving the house, that the vehicle was registered to Law, that the driver fit the description of Law, that there was a warrant for Law's arrest, and that Law's driving privileges were suspended. The second officer then proceeded to initiate a traffic stop of Law's automobile. We concluded that, based on the totality of the circumstances, the second officer who stopped Law had reasonable suspicion to stop the automobile for the purpose of determining whether it was being driven by the registered owner, Law, an unlicensed driver wanted on a bench warrant. *Id.* at 771, 769 P.2d at 1143.

Here, before initiating the traffic stop, the officer was able to determine that Pendergrass' driving privileges were suspended and was also able to locate a booking photograph of Pendergrass. The officer's testimony, as credited by the magistrate, was that he was able to identify Pendergrass as the driver of the vehicle coming towards him before the officer turned his vehicle around and initiated the traffic stop. As compared to *Law*, where the officer knew that

4

the driver matched the physical description, the uncontroverted testimony here was that the officer identified Pendergrass as the driver of the vehicle. Accordingly, the officer had reasonable suspicion based on articulable facts that Pendergrass was driving a vehicle while his driving privileges were suspended, in violation of Idaho Code § 18-8001(1).

Pendergrass argues that even if the magistrate determined that the officer identified Pendergrass as the driver of the vehicle, the finding is clearly erroneous. At a hearing before the magistrate, the officer was cross-examined by Pendergrass' attorney and the officer explained how he identified Pendergrass:

| | |
|---|---|
| [Defense counsel]: | Okay. At what time--do--do you recall, did you identify Mr. Pendergrass as the driver at the time that you--that you pulled him over? |
| [Officer]: | Yes. I still had the--the booking photo up on the computer when he passed me, which is shown in the video. So, I was able to see him, and the photo, and confirm it was him when I turned around to stop him. |
| [Defense counsel]: | Okay. So, your testimony today would be that you identified him at the time that your vehicle passed his vehicle on the video? |
| [Officer]: | Yes. |
| [Defense counsel]: | Okay. Prior to that, you wouldn't have identified him as the driver of (unintelligible)? |
| [Officer]: | That I--I can't say exactly how it happened. I can give you most likely, but that's all. |

Also included in the record on appeal is a video from the camera mounted in the officer's vehicle. The video depicts the front of the officer's car proceeding down a residential street under a lighted--but near dusk--partly-cloudy sky. As the officer is driving down the street, a pickup truck is depicted driving on the opposite side of the street, approaching the officer. After the truck leaves the camera's view, the officer's vehicle pulls up onto the sidewalk and executes a u-turn and the officer's vehicle proceeds to pull up behind the truck.

In support of his argument that the factual finding is clearly erroneous, Pendergrass contends that the video demonstrates that "it is highly unlikely" that the officer identified Pendergrass as the driver. Further, Pendergrass recounts that at the suppression hearing he testified that he was wearing a beanie, sunglasses, and a bulky coat. We note that the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *Valdez-Molina*, 127 Idaho at 106, 897 P.2d at 997;

5

*Schevers*, 132 Idaho at 789, 979 P.2d at 662.  Considering the totality of the evidence, we are persuaded that the magistrate's finding that the officer identified Pendergrass as the driver immediately before initiating the traffic stop is supported by substantial evidence.[2]  For these reasons, the district court's memorandum decision and order affirming the magistrate's denial of Pendergrass' motion to suppress is affirmed.

Judge LANSING and Judge GRATTON **CONCUR.**

---

[2]    Pendergrass' defense counsel did not recall the officer to challenge the officer's identification of Pendergrass, based upon Pendergrass' assertion that he was wearing a beanie, sunglasses, and a bulky coat.